EXHIBIT H

C

**Effective: February 06, 2006**

Code of Federal Regulations Currentness
Title 15. Commerce and Foreign Trade
Subtitle B. Regulations Relating to Commerce and Foreign Trade
Chapter IX. National Oceanic and Atmospheric Administration, Department of Commerce
Subchapter B. Ocean and Coastal Resource Management (Refs & Annos)
Part 930. Federal Consistency with Approved Coastal Management Programs (Refs & Annos)
Subpart D. Consistency for Activities Requiring a Federal License or Permit

**→ § 930.60 Commencement of State agency review.**

(a) The State agency's six-month review period (see § 930.62(a)) of an applicant's consistency certification begins on the date the State agency receives the consistency certification required by § 930.57 and all the necessary data and information required by § 930.58(a).

(1) If an applicant fails to submit a consistency certification, the State agency shall notify the applicant and the Federal agency, within 30 days of receipt of the incomplete submission, that a consistency certification satisfying § 930.57 was not received and that the State agency's six-month review period will commence on the date of receipt of the missing certification, subject to paragraph (a)(2) of this section.

(2) If an applicant fails to submit all necessary data and information required by § 930.58(a), the State agency shall notify the applicant and the Federal agency, within 30 days of receipt of the incomplete submission, that necessary data and information described in § 930.58(a) was not received and that the State agency's six-month review period will commence on the date of receipt of the missing necessary data and information, subject to the requirement in paragraph (a) of this section that the applicant has also submitted a consistency certification. The State agency may waive the requirement in paragraph (a) of this section that all necessary data and information described in § 930.58(a) be submitted before commencement of the State agency's six-month consistency review. In the event of such a waiver, the requirements of § 930.58(a) must be satisfied prior to the end of the six-month consistency review period or the State agency may object to the consistency certification for insufficient information.

(3) Within 30 days of receipt of the consistency certification and/or necessary data and information that was deemed missing, pursuant to paragraphs (a)(1) or (2) of this section, the State agency shall notify the applicant and Federal agency that the certification and necessary data and information required pursuant to § 930.58 is complete, the date the certification and/or necessary data and information deemed missing was received, and, that the State agency's consistency review commenced on the date of receipt. In the event of a State waiver under paragraph (a)(2) of this section, receipt of the necessary data and information deemed missing shall not alter the date the consistency review period commenced.

(b) State agencies and applicants (and persons under subpart E of this part) may mutually agree in writing to stay the six-month consistency review period. Such an agreement shall be in writing and state a specific date on when the stay will end. The State agency shall provide a copy of the written agreement to the Federal agency and the Federal agency shall not presume State agency concurrence with an applicant's consistency certification when such a written agreement to stay the six-month consistency review period is in effect. The State agency shall not stop, stay, or otherwise alter the consistency review period without such a written agreement with the applicant.

(c) The State agency's determination that a certifica-

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

tion and necessary data and information under paragraph (a) of this section is complete is not a substantive review of the adequacy of the information received. If an applicant has submitted all necessary data and information required by § 930.58, then a State agency's or Federal agency's assertion that the submitted information is substantively deficient, or a State agency's or Federal agency's request for clarification of the information provided, or information or data requested that is in addition to that required by § 930.58 shall not extend the date of commencement of State agency review.

[71 FR 827, Jan. 5, 2006]

SOURCE: 57 FR 43323, Sept. 18, 1992; 57 FR 55444, Nov. 25, 1992; 65 FR 77154 Dec. 8, 2000, unless otherwise noted.

AUTHORITY: 16 U.S.C. 1451 et seq.

15 C. F. R. § 930.60, **15 CFR § 930.60**

Current through June 7, 2007; 72 FR 31709

Copr. © 2007 Thomson/West

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

C

**Effective: February 06, 2006**

Code of Federal Regulations Currentness
Title 15. Commerce and Foreign Trade
Subtitle B. Regulations Relating to Commerce and Foreign Trade
Chapter IX. National Oceanic and Atmospheric Administration, Department of Commerce
Subchapter B. Ocean and Coastal Resource Management (Refs & Annos)
Part 930. Federal Consistency with Approved Coastal Management Programs (Refs & Annos)
Subpart D. Consistency for Activities Requiring a Federal License or Permit

**→§ 930.63 State agency objection to a consistency certification.**

(a) If the State agency objects to the applicant's consistency certification within six months following commencement of review, it shall notify the applicant, Federal agency and Director of the objection. A State agency may assert alternative bases for its objection, as described in paragraphs (b) and (c) of this section.

(b) State agency objections that are based on sufficient information to evaluate the applicant's consistency certification shall describe how the proposed activity is inconsistent with specific enforceable policies of the management program. The objection may describe alternative measures (if they exist) which, if adopted by the applicant, may permit the proposed activity to be conducted in a manner consistent with the enforceable policies of the management program.

(c) A State agency objection may be based upon a determination that the applicant has failed, following a written State agency request, to supply the information required pursuant to § 930.58 or other information necessary for the State agency to determine consistency. If the State agency objects on the grounds of insufficient information, the objection shall describe the nature of the information requested and the necessity of having such information to determine the consistency of the activity with the management program. The objection may describe alternative measures (if they exist) which, if adopted by the applicant, may permit the proposed activity to be conducted in a manner consistent with the enforceable policies of the management program.

(d) Alternatives. If a State agency proposes an alternative(s) in its objection letter, the alternative(s) shall be described with sufficient specificity to allow the applicant to determine whether to, in consultation with the State agency: adopt an alternative; abandon the project; or file an appeal under subpart H. Application of the specificity requirement demands a case specific approach. More complicated activities or alternatives generally need more information than less-complicated activities or alternatives. See § 930.121(c) for further details regarding alternatives for appeals under subpart H of this part.

(e) A State agency objection shall include a statement to the following effect:

Pursuant to 15 CFR part 930, subpart H, and within 30 days from receipt of this letter, you may request that the Secretary of Commerce override this objection. In order to grant an override request, the Secretary must find that the activity is consistent with the objectives or purposes of the Coastal Zone Management Act, or is necessary in the interest of national security. A copy of the request and supporting information must be sent to the [Name of State] management program and the federal permitting or licensing agency. The Secretary may collect fees from you for administering and processing your request.

[71 FR 828, Jan. 5, 2006]

SOURCE: 57 FR 43323, Sept. 18, 1992; 57 FR 55444, Nov. 25, 1992; 65 FR 77154 Dec. 8, 2000, unless otherwise noted.

AUTHORITY: 16 U.S.C. 1451 et seq.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

15 C. F. R. § 930.63, 15 CFR § 930.63

Current through June 7, 2007; 72 FR 31709

Copr. © 2007 Thomson/ West

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.