IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WEAVER'S COVE ENERGY, LLC,

*Plaintiff*,

vs.

RHODE ISLAND COASTAL RESOURCES MANAGEMENT COUNCIL, *et al.*,

*Defendants*.

Case No. 07-246-S

**STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

In support of its Motion for Summary Judgment, and in accordance with Rule 56 of the Federal Rules of Civil Procedure and Local Rule Cv 56, Plaintiff Weaver's Cove Energy, LLC ("Weaver's Cove") hereby submits its Statement of Undisputed Facts.

1. Plaintiff Weaver's Cove is a limited liability company organized and incorporated under the laws of the State of Delaware, with its principal place of business located in Fall River, Massachusetts.

2. Defendant Rhode Island Coastal Resources Management Council ("CRMC") is a state agency created by Act of the Rhode Island General Assembly

and is the Rhode Island agency tasked with administering the federal Coastal Zone Management Act ("CZMA"), 16 U.S.C. §§ 1451 *et. seq.*, for Rhode Island.

3. Defendant Michael M. Tikoian is Chair of the CRMC.

4. Defendant Paul E. Lemont is Vice Chair of the CRMC.

5. Defendants Thomas Ricci, David Abedon, Donald Gomez, K. Joseph Shekarchi, Neill Gray, W. Michael Sullivan, Raymond C. Coia, Gerald P. Zarrella, and Bruce Dawson are Members of the CRMC.

6. Weaver's Cove proposes to construct and operate a liquefied natural gas ("LNG") marine import and storage terminal in Fall River, Massachusetts. JA Tab 25, at 61,527.

7. As proposed to and conditionally approved by the Federal Energy Regulatory Commission ("FERC"), LNG tanker ships delivering LNG at the Weaver's Cove Terminal in Fall River, Massachusetts would enter U.S. waters from international waters, and then transit through Rhode Island and Massachusetts waters, via a federal navigational channel, before delivering the LNG in Fall River, Massachusetts. Gehrig Decl. ¶ 9.

8. To facilitate the operation of the terminal, Weaver's Cove proposes to perform approximately 230,000 cubic yards of maintenance and improvement dredging along 33 acres of an existing six mile Federal Navigational Channel in

Rhode Island waters, and to perform additional dredging in Massachusetts waters. JA Tab 10, at 1-2.

9. On July 19, 2004, Weaver's Cove filed with the CRMC a certification of the consistency of the dredging to be performed in the Federal Navigation Channel in Rhode Island associated with the project with the enforceable policies of the Rhode Island Coastal Resources Management Program (hereinafter, the "Consistency Certification"). JA Tab 10.

10. On August 26, 2004, a CRMC official sent a letter to Weaver's Cove taking the position that the Consistency Certification was incomplete because it lacked a Section 401 Water Quality Certification, *i.e.,* a certificate issued pursuant to Section 401 of the Clean Water Act, 33 U.S.C. § 1341(a). JA Tab 15.

11. On December 12, 2005, the CRMC submitted to the United States Army Corps of Engineers a letter indicating that CRMC would commence its consistency review "[w]hen CRMC receives all the [demanded] data and information . . . ." JA Tab 34.

12. On February 7, 2006, the CRMC submitted to the United States Army Corps of Engineers a letter, stating that "[w]e will be unable to find [the project] consistent" with the Rhode Island Coastal Resources Management Program until Weaver's Cove submits the demanded information. JA Tab 41.

13. On November 2, 2006, the CRMC sent to Weaver's Cove a letter that the CRMC would not commence its review until receiving the information requested. JA Tab 52.

14. As of the date of this pleading, the CRMC has not yet expressly concurred with or objected to the Consistency Certification under 16 U.S.C. § 1456(c)(3)(A).

15. On July 19, 2004, Weaver's Cove filed with the CRMC its application for Category B Assent pursuant to Rhode Island law. JA Tab 10, at 3.

16. The CRMC has yet to approve or reject Weaver's Cove application for Category B Assent.

17. As proposed to and conditionally approved by the FERC, Weaver's Cove Energy, LLC's proposed LNG importation terminal at Fall River ("Weaver's Cove Terminal"), Massachusetts, will have the capacity to provide up to 800 million cubic feet per day (MMcfd) of natural gas. JA Tab 25, at 61,529; Gehrig Decl. ¶ 1.

18. Assuming that the Weaver's Cove Terminal maintains a peak daily sendout of 800 MMcfd, and that New England's peak day sendout in 2010 is between 4.8 and 5.5 billion cubic feet, growing annually at a rate of between 125 and 170 MMcfd, then the Weaver's Cove Terminal would provide approximately 15% of the entire New England region's peak day natural gas requirements. At the

projected rate of growth, New England would need to add the equivalent of Weaver's Cove's gas supply capacity every four to five years. Gehrig Decl. ¶ 2.

19. A recent report by ISO-New England, the operator of the region's power grid, endorsed the need for more natural gas supply infrastructure including LNG terminals as a way to lower gas prices. The impact of natural gas prices is stark. Under a scenario of low gas prices, wholesale electric prices would be around $8 billion per year; with high natural gas prices the wholesale electric prices would be around $18 billion per year, or an annual cost to New England consumers of over $10 billion. Gehrig Decl. ¶ 3.

20. The North American Electricity Reliability Council, certified by the FERC to be "the [Electric Reliability Organization] of the United States," came to a similar conclusion: "New LNG import terminals would be beneficial in diversifying the region's gas supply portfolio. Failure to commercialize these LNG import facilities will leave the region at risk for seasonal gas supply shortages." Gehrig Decl. ¶ 4.

21. As proposed to and conditionally approved by the FERC, natural gas imported to and regasified at the Weaver's Cove Terminal could serve natural gas customers in the states of Massachusetts, Rhode Island, Connecticut, New York and New Jersey. Gehrig Decl. ¶ 5.

22. As proposed to and conditionally approved by the FERC, LNG imported to the Weaver's Cove Terminal could be delivered by truck to customers in Massachusetts, Rhode Island, Connecticut, New Hampshire, New York and New Jersey. Gehrig Decl. ¶ 6.

23. As proposed to and conditionally approved by the FERC, LNG would be delivered to the Weaver's Cove Terminal by ship. LNG of the kind to be imported at the Weaver's Cove Terminal currently is exported by such nations as Trinidad, Nigeria, Algeria, Norway, Egypt, Qatar, Equatorial Guinea, Abu Dhabi, Australia, Oman, Indonesia and Malaysia. Gehrig Decl. ¶ 7.

24. As proposed to and conditionally approved by the FERC, no LNG delivered by ship at the Weaver's Cove Terminal would be liquefied in the United States; rather, it would be liquefied at facilities overseas, in such nations as those described in Paragraph 23 above, and imported into the United States at the Weaver's Cove Terminal. Gehrig Decl. ¶ 8.

Respectfully submitted,

/s/ Gregory L. Benik
Gregory L. Benik (#1515)
Benik & Associates P.C.
931 Jefferson Blvd., Suite 2008
Warwick, RI 02886
(phone) 401-454-0054
(fax) 401-732-5054
gbenik@jreri.com
*Attorney for Weaver's Cove Energy, LLC*

Dated: November 1, 2007

Of Counsel:

Bruce F. Kiely
G. Mark Cook
Adam J. White
BAKER BOTTS L.L.P.
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2400
Phone: (202) 639-7700
Fax: (202) 639-7890

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of November, 2007, the foregoing was filed electronically with the Clerk of Court and served upon the following by operation of the Court's electronic filing system:

Brian A. Goldman, Goldlaw@cox.net

Michael Rubin, mrubin@riag.ri.gov

Paul J. Roberti, proberti@riag.ri.gov

/s/ Gregory L. Benik