**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **WEAVER'S COVE ENERGY, LLC** | : | |
| | : | |
| **v.** | : | **CA. No. 07-246S** |
| | : | |
| **RHODE ISLAND COASTAL RESOURCES MANAGEMENT COUNCIL, *ET AL.*** | : | |

**STATE'S MOTION TO STAY**

In light of the recent recommendation of the Captain of the Port to deny waterway suitability to Weaver's Cove, the State (*i.e.*, the defendants) in the above-captioned matter hereby moves that all proceedings in the above-captioned matters are stayed pending final resolution, including any appeals by Weaver's Cove Energy, L.LC's ("WCE"), of WCE's application before the United States Coast Guard ("Coast Guard") for a determination of waterway suitability.

The recommendation is found at the following internet url:

http://www.piersystem.com/posted/778/Letter_of_Recommendation_EnclosuresALL.179883.pdf

Moreover, counsel will attempt to attach the document to these filings.

Respectfully submitted,

State of Rhode Island,
By its Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Michael Rubin

Michael Rubin, Esq., (Bar #3656)
Assistant Attorney General
150 South Main Street
Providence, R.I. 02903
Tel: (401) 274-4400 Ext. 2116
Fax: (401) 222-3016

/s/ Paul J. Roberti
Paul J. Roberti, Esq., (Bar #4447)
Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 Ext. 2231
Fax: (401) 222-3016

**CERTIFICATION**

I, the undersigned, hereby certify that a true copy of the within document was served by electronic means (ECF) on this 5th day of November, 2007 to the following:

| | |
|---|---|
| Gregory L. Benik, Esq. | Bruce F. Kiely |
| Benik & Associates P.C. | Baker Botts, LLP |
| 931 Jefferson Blvd., Suite 2008 | 1299 Pennsylvania Avenue NW |
| Warwick, RI 02886 | Washington, DC 20004-2400 |

/s/ Michael Rubin

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **WEAVER'S COVE ENERGY, LLC** | : | |
| | : | |
| **v.** | : | **CA. No. 07-246S** |
| | : | |
| **RHODE ISLAND COASTAL RESOURCES MANAGEMENT COUNCIL, *ET AL.*** | : | |

**MEMORANDUM IN SUPPORT OF STATE'S MOTION TO STAY**

On October 24, 2007, the Commanding Officer of the United States Coast Guard for the Southeast New England Sector ("Coast Guard'), which possesses jurisdiction under the Ports and Waterways Safety Act of 1972 to determine whether to allow the proposed transit of LNG vessels to Weaver's Cove Energy LLC's ("Weaver's Cove") proposed terminal location, issued a recommended decision concluding that the waterway is ***not*** suitable for the intended LNG vessel operations. The recommended decision is attached hereto as Exhibit A.

This follows after a multi-year evaluation concerning whether the proposed LNG marine traffic of the "type, size and frequency" contained in Weaver's Cove' February 2, 2006 Letter of Intent, *see* Joint Appendix (filed with the Court November 1, 2007) Tab 40, can safely navigate to the proposed terminal location on a consistent and repeatable basis. After an exhaustive analysis by the Coast Guard — throughout which Weaver's Cove was provided multiple opportunities to submit data and information — the Coast Guard has now issued a ruling that declares the "proposed transit route is unsuitable from a navigation safety perspective." The decision states that the waterway is unsuitable in multiple locations northward of the Mount Hope Bridge. The safety objections raised include, but go far beyond, the configuration of the

two Brightman Street bridges. (Indeed, overall, the navigation safety concerns appear to be practically insurmountable.)

This detailed document, containing 30 pages of combined substantive text and photographs as well as appendices and a list of references, culminates in the following conclusion:

> Overall recommendation as to suitability. Given that I recommend that segments 2 and 3 of the proposed route are unsuitable for the transit of the proposed LNG tankers, my overall recommendation is that the waterway northeast of the line between Mt. Hope Point and Common Fence Point is UNSUITABLE for the transit of the proposed LNG tankers. In making this ultimate recommendation, I have considered the factors listed in 33 CFR §127.009, as described throughout this document.

Exhibit A (emphasis by capitalization in original). As if this were not enough, the last sentence of Captain Nash's Letter of Recommendation takes a final shot across the metaphorical bow of the Weaver's Cove project: "[E]ven without the Letter of Recommendation process . . . I would feel compelled to use my discretionary authorities . . . to prohibit the recurrent transit of LNG tankers . . .." Id. From Weaver Cove's standpoint, to quote Shakespeare's Julius Ceaser, this must have been the "unkindest cut of all."

One must keep in mind that the Weaver's Cove project is subject to three independent federal approvals: the Federal Energy Regulatory Commission, the United States Army Corps of Engineers, and the United States Coast Guard. Failure to win approval from ***any*** of these agencies means that the project is dead. Thus, it is not surprising that Coast Guard Senior Chief Richard Uronis, on behalf of Southeast Sector New England, described the decision as follows: "It kills the project." ***See*** Jay Lindsey, Assoc. Press, "Coast Guard Says Waterway Unsafe for LNG", Houston Chronicle, Oct 24, 2007, attached as Exhibit B.

Further, it is crucial to note that, with respect to just the Coast Guard process alone, waterway suitability of LNG tanker operations is evaluated based on three critical subject areas: (1) Navigation Safety; (2) Security Feasibility; and (3) Environmental Impacts. Because of the Coast Guard's longstanding significant concerns about navigation safety associated with transits through Mount Hope Bay and the Taunton River, the Coast Guard has evaluated that factor first. Since the project floundered on that factor, alone, it was unnecessary to explore the other alternatives at this time:

> As I have determined that the above described segment of the proposed transit route is unsuitable from a navigation safety perspective, an exhaustive analysis of . . . other factors relevant to waterway suitability for LNG traffic, such as maritime security, were not further analyzed in detail. Therefore, no additional public meetings . . . to further address security risks [and] resource demands . . . will be held. Moreover, as I view the safety of navigation as paramount, my recommendation that the waterway is unsuitable generated no additional environmental documentation requirements.

*See* October 24 Cover Letter of Captain Roy Nash to Gordon Shearer of Weaver's Cove attached as Exhibit C. Indeed, this approach (evaluating solely the navigational safety issue first with the possible effect of rendering the other issues moot) had been foretold by earlier Coast Guard correspondence: "If the Weaver's Cove proposal is not feasible in terms of navigational safety, further analysis of maritime security and/or environmental impacts is not required." *See* correspondence from Captain Roy Nash to FERC, June 28, 2006 (JA Tab 50).

In other words, even if Weaver's Cove were successful in navigating the multi-step appellate review procedures contained in 33 C.F.R. § 127.015(a), a copy of which is attached hereto as Exhibit D, Weaver's Cove would still face a significant hurdle at the Coast Guard in terms of proving the security of LNG tanker operations, a matter on which the Coast Guard has already expressed significant doubt. *See* May 9, 2007 Preliminary Assessment (JA Tab 55).

Moreover, even if *both* hurdles (the future hurdle of security from attack ***and*** the present hurdle of navigational safety) were each somehow surpassed, the Weaver's Cove project will face further environmental review as mandated by the National Environmental Policy Act of 1969 ("NEPA"). Both the Coast Guard and the U.S. Army Corps of Engineers, federal agencies that are cooperating with FERC on NEPA compliance, have informed FERC that the changed LNG transit proposal requires additional environmental evaluation. *See* JA Tab 44 and JA Tab 50.

In sum, the Coast Guard's disposition is fatal unless overturned. Moreover, a number of additional obstacles must be overcome by Weaver's Cove before the project can be cleared from its current "life support" status.

These circumstances evoke memories of another situation with which the Court is amply acquainted. That is the familiar case of KeySpan LNG, L.P. v. Rhode Island Coastal Resources Management Council, C.A. No. 05-091S (D.R.I. *dismissed* 2007). Specifically, this initial denial by the Coast Guard parallels FERC's denial of the KeySpan LNG project in that earlier matter.

As the Court will recall from that KeySpan case, this Court agreed to halt that litigation involving RICRMC pending the outcome of KeySpan's appeal. The present Weaver's Cove litigation is no different. The Court's resources (as well as those of the State of Rhode Island and, for that matter, all litigants) should not be needlessly consumed pending the outcome of Weaver's Cove's exhaustion of appellate remedies. Accordingly, the State (comprising the Defendants) proposes that the Court enter an order holding this matter in abeyance until such time as Weaver's Cove can provide evidence of success in overturning the current Coast Guard disposition.[1]

---

[1] Lastly, the State takes this opportunity to bring to the Court's attention another intervening development: the United States Court of Appeals for the First Circuit has issued a ruling concerning the State appeal of FERC's

Respectfully submitted,

State of Rhode Island,
By its Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Michael Rubin
Michael Rubin, Esq., (Bar #3656)
Assistant Attorney General
150 South Main Street
Providence, R.I. 02903
Tel: (401) 274-4400 Ext. 2116
Fax: (401) 222-3016

/s/ Paul J. Roberti
Paul J. Roberti, Esq., (Bar #4447)
Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 Ext. 2231

**CERTIFICATION**

I, the undersigned, hereby certify that a true copy of the within document was served by electronic means (ECF) on this 5th day of November, 2007 to the following:

Gregory L. Benik, Esq.
Benik & Associates P.C.
931 Jefferson Blvd., Suite 2008
Warwick, RI 02886

Bruce F. Kiely
Baker Botts, LLP
1299 Pennsylvania Avenue NW
Washington, DC 20004-2400

/s/ Michael Rubin

---

authorization under Section 3 of the Natural Gas Act. In an October 26, 2007 decision, the Court denied the petition on the basis that the appeals were not ripe for review. (Decision attached as Exhibit E). Stated succinctly, and taking a position that echoes that of Rhode Island on the underlying merits of the instant case, the Circuit Court ruled that the Weaver's Cove project is still it its conceptual stage, such that the project will not have a concrete form unless and until both the Coast Guard, among other federal agencies, makes a final decision on waterway suitability.