IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WEAVER'S COVE ENERGY, LLC,<br><br>*Plaintiff*,<br><br>vs.<br><br>RHODE ISLAND COASTAL RESOURCES MANAGEMENT COUNCIL, *et al.*,<br><br>*Defendants*. | Case No. 07-246-S |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO DEFENDANTS' MOTION FOR EXTENSION OF DEADLINES UNDER BRIEFING SCHEDULE**

Pursuant to Rule 7 of the Federal Rules of Civil Procedure, and Rule Cv 7(b) of the Local Rules, Plaintiff Weaver's Cove Energy, LLC ("Weaver's Cove"), by and through its attorneys, Bruce Kiely, Baker Botts L.L.P., and Gregory Benik, Benik & Associates P.C., hereby submits its memorandum of law in support of its objection to Defendants' ("CRMC's") motion to extend the deadlines under the briefing schedule ("Motion") and the CRMC's memorandum in support thereof (Doc. #21).

**A.** The CRMC's request to delay the briefing of this case is ironic. This is, after all, a case about the CRMC's multi-year delay in acting on Weaver's

Cove's consistency certification, well in excess of the statutory six-month deadline for such a decision. Most recently, the CRMC has filed a motion to delay the resolution of this case, because of a non-final decision by a Coast Guard official ("Letter of Recommendation," or "LOR"), a decision that on its face does not purport to preclude operation of the Weaver's Cove LNG terminal. *See* Pl. Mem. of Law in Support of Pl. Obj. to Def. Mot. to Stay at 2-9 (Nov. 8, 2007) (Doc. #20-2).

The CRMC manifestly does not want the issues before this Court to be resolved; nevertheless, the justification it advances in support of this latest proposed delay is wholly unavailing. The LOR was issued on October 24, 2007. Weaver's Cove filed its Motion for Summary Judgment and supporting Memorandum of Law (Doc. #16) more than a week later, on November 1, 2007. The CRMC did not implore the Court to conserve the Court's and parties' resources until after Weaver's Cove filed **its** opening brief; rather, it only raised such purported concerns for efficiency several days later, when delay would have the effect of dramatically extending the CRMC's period for filing its responsive papers.

Simply put, if the CRMC truly believed that conservation of judicial and party resources was of preeminent concern, then its motion to stay this case

and its motion to extend the briefing period would have been filed long ago, before briefing had commenced.

**B.** Even setting aside the questionable timing of the CRMC's new motion, its motion lacks any actual explanation as to how a delay in briefing would conserve the resources of this Court or of the parties. It will not conserve the Court's resources, because the Court will be faced with addressing the summary judgment papers if it denies the motion to stay review, regardless of when the parties submits their briefs. In other words, the timing of the briefs has nothing whatsoever to do with the Court's resources at all. Similarly, a delay in briefing will not conserve Weaver's Cove's resources, because Weaver's Cove already has filed its motion for summary judgment; as for its reply brief, Weaver's Cove is prepared to expend resources on that brief despite the possibility that the case will be stayed.

Nor does the CRMC indicate why it needs extra time to draft its own brief. The Court issued its scheduling order on September 9, 2007; thus the CRMC has had over **two months** to prepare its motion for summary judgment. And Weaver's Cove filed its motion on November 1, 2007; thus, the CRMC has had over two weeks to prepare its responsive argument, and there remain approximately two more weeks for it to complete its response. The CRMC's motion offers no indication why the time provided by the Court is insufficient for it

to complete the drafting of its arguments, with or without the added wrinkle of the CRMC's motion to stay. The CRMC's extraordinary request for a total of **more than three months** to craft a motion for summary judgment and more than two months to craft a response to Weaver's Cove's motion for summary judgment requires justification nowhere found in the present motion.

**C.** Finally, the CRMC errs when it suggests that even the Court's grant of the motion to stay review would somehow render the motions for summary judgment "needless." The CRMC appears to confuse its motion to stay with a motion to dismiss; the latter could render the motions for summary judgment moot, but the former would not.

Even if the Court stayed these proceedings, it ultimately would have to resolve the case, either on the motions for summary judgment or on a motion to dismiss. The CRMC assuredly will cite the LOR as grounds for resolving this case in its favor in its upcoming motion for summary judgment; similarly, should the Court defer a decision, the CRMC assuredly will include both the LOR and present non-LOR grounds as justifying a future decision in its favor. Given that the CRMC will present many if not all of the same arguments today as it would in a future motion for summary judgment or dismissal, its filing a brief according to the present schedule will in no sense require "needless" effort.

*          *          *

For the foregoing reasons, Weaver's Cove respectfully requests that this Court deny the CRMC's motion to extend the briefing deadlines.

Respectfully submitted,

/s/ Gregory L. Benik
Gregory L. Benik (#1515)
Benik & Associates P.C.
931 Jefferson Blvd., Suite 2008
Warwick, R.I. 02886
(phone) 401-454-0054
(fax) 401-732-5054
gbenik@jreri.com
*Attorney for Weaver's Cove Energy, LLC*

Dated: November 16, 2007

Of Counsel:

Bruce F. Kiely
G. Mark Cook
Adam J. White
BAKER BOTTS L.L.P.
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2400
(phone) 202-639-7700
(fax) 202-585-1035

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of November, 2007, the foregoing was filed electronically with the Clerk of Court and served upon the following by operation of the Court's electronic filing system:

Brian A. Goldman, *goldlaw@cox.net*
Michael J. Rubin, *mrubin@riag.ri.gov*
Paul J. Roberti, *proberti@riag.ri.gov*