**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **WEAVER'S COVE ENERGY, LLC** | : | |
| | : | |
| **v.** | : | **CA. No. 07-246S** |
| | : | |
| **RHODE ISLAND C.R.M.C., *ET AL.*** | : | |

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM**

This challenges Count I of plaintiff's pleading, the central allegation of which is:

> Because the statutory six-month review period that commenced in 2004 has since lapsed, the CZMA . . . **deem[s]** the Rhode Island CRMC's **concurrence** with the Consistency Certification **to be conclusively presumed**, pursuant to 16 U.S.C. § 1456(c)(3)(A). **Weaver's Cove requests that this Court declare it as such.**

Amended Complaint, p. 18, ¶ 91 (emphasis added). A concomitant is the following prayer:

> Wherefore Plaintiff prays the following relief:
> (A) An order and judgment **declaring that**:
> (1) **the CRMC's concurrence** with Weaver's Cove's Consistency Certification **is conclusively presumed, by operation of the plain terms of the CZMA**, and that as such CRMC lacks authority under federal law to object to the Consistency Certification;

Amended Complaint, p. 22 (emphasis added). Thus, Weaver's Cove's premier cause-of-action is aimed at wholly past events, albeit events that arguably have ongoing consequences. The case-law, however, has solidified around the proposition that this is barred by the Eleventh Amendment. Separately, a recent related decision from the D.C. Circuit calls into question Weaver's Cove's standing to seek a declaration of this nature.

## I. SOVEREIGN IMMUNITY BARS THIS ELEMENT OF RELIEF.

### A. Although sovereign immunity is subject to the Young exception, this, in turn, is subject to a major retroactivity exception.

Although state immunity from private suit in federal court, as embodied in the Eleventh Amendment, "'is inherent in the nature of sovereignty . . .,'" Hans v. Louisiana, 134 U.S. 1, 13 (quoting *The Federalist*, No. 81 (A. Hamilton)), the Supreme Court has, nonetheless, fostered a mechanism to "give[ ] life to the Supremacy Clause," Green v. Mansour, 474 U.S. 64, 68 (1985), represented by the case of *Ex parte* Young, 209 U.S. 123, 158-59 (1908). The Young "exception" alleviates the inter-sovereign tensions implicit in such immunity by serving as the most common route to challenge state action in federal court (the others being waiver and abrogation, neither of which is even remotely possible here). Such a suit is nominally not against a state but, rather, it is against a state official.

However, there is an exception to the exception. Young does not extend to suits seeking retroactive relief. "[A] Young suit is available where a plaintiff alleges an **ongoing** violation of **federal** law, and where the relief sought is **prospective** rather than **retrospective**." Idaho v. Coeur d'Alene Tribe, 521 U.S. 261, 294 (1997) (controlling concurrence by O'Connor, J.) (emphasis in original). *See also* Papasan v. Allain, 478 U.S. 265, 277-78 (1986) (Young is inapplicable where "federal law has been violated at one time or over a period of time in the past"); Green v. Mansour, 474 U.S. 64, 67-74 (1985) (Young is only for halting an "ongoing," "continuing," "current," or "present" violation).

### B. The case-law applies the retroactivity exception so as to bar many claims.

#### *1. The Breard case.*

Breard v. Greene, 523 U.S. 371 (1998) (*per curiam*), re-enforced the prospective-retrospective distinction. That opinion rested on the Fourth Circuit's decision in Paraguay v.

Allen, 134 F.3d 622, 628-29 (4th Cir.), ***cert. denied sub nom.*** Breard v. Greene, 523 U.S. 371 (1998) (***per curiam***). The Republic of Paraguay sued the Governor of Virginia to halt the scheduled execution of its national, a certain individual named Breard. ***See*** id. at 625 n.2. Virginia had violated certain treaty rights at the time of arrest. ***See*** id. at 624.

The Court of Appeals affirmed the dismissal of Paraguay's lawsuit on Eleventh Amendment grounds because Virginia's violation took place in the past. Id. at 622, 624. ***See*** id. at 629. Since Virginia was now no longer hindering Breard's treaty rights, the court counter-intuitively arrived at two related conclusions: that the violation of federal law was not ongoing ***and*** that the relief sought was not prospective.

Meanwhile, in a similar simultaneous case, United Mexican States v. Woods, 126 F.3d 1220, 1223 (9th Cir.), ***cert. denied***, 523 U.S. 1075 (1998), the Ninth Circuit reached the same holding. ***See*** id. at 1223-24.

Paraguay sought relief in the United States Supreme Court, as did Mexico. The Supreme Court denied relief (the executions went forward). Importantly, the decision, under the name of Breard v. Greene, 523 U.S. 371 (1998) (***per curiam***), agreed with the Fourth Circuit's conclusion that Paraguay's suit was barred by the Eleventh Amendment. ***See*** id. at 377-78. In sum, two courts of appeals concluded that an order halting a scheduled execution constitutes retrospective relief barred by the Eleventh Amendment and the Supreme Court ratified that conclusion.

One need not go to the extremes presented by the Breard litigation to resolve the instant issue. We have seen that relief aimed at the impending consequences of past violations falls outside of the Young exception. It follows that Weaver's Cove's claim for a judicial declaration of a presumption of past concurrence falls outside of that exception and is barred.

*2. The Papasan case.*

Paraguay v. Allen and United Mexican States v. Woods (as affirmed in Breard) are the crystallization of the jurisprudence in this area. Though the decisions arose from novel situations, these cases merely constitute unremarkable applications of the settled prospective-retrospective distinction, the doctrinal underpinnings of which are very deep and broad.

Papasan v. Allain, 478 U.S. 265 (1986), likewise directly embraced a comprehensive prospective-retrospective test in a case involving allegations conceptually akin to those at hand. The Court was called upon to vindicate a federal statute that had created an obligation on the part of state officials to use federally-granted land, or income from the land, for certain beneficiaries "in perpetuity." But the state had squandered the assets.

The Court dismissed any distinction between this claim, which it characterized as an attempt to enforce "a continuing obligation to comply with trust obligations" (by restoring the assets), and a claim to enforce a trustee's "ongoing liability for past breach of trust." Id. at 280-81. Any attempt to distinguish such claims was "essentially . . . formal," id. at 280, and of no significance. Having established this equivalence, the Court then treated the latter relief, in turn, as retrospective. The Court reached this conclusion even though the plaintiffs were seeking only the income from the corpus that would have accrued ***after*** the hoped-for order. Id. at 281. Likewise, the Court dispatched the plaintiffs' alternative request for an order requiring the defendants to make state land available to them.

The analysis adopted by the Court bars cases in which federal law was violated "at one time or over a period of time in the past," and, further, such analysis equates the time at which the "violation" of federal law occurred with the time at which the acts causing a plaintiff's injury occurred. The Court focused on the time of the defendants' acts that gave rise to the plaintiffs'

injury – in that case, the assertedly illegal diversion of trust resources. In the Court's view, these actions constituted the "breach" and the suit was retrospective.

The Court eschewed an alternative characterization of the relevant legal violation. The plaintiffs argued that the defendants violated an obligation to use income of the trust corpus in a certain way *in perpetuity*. As the plaintiffs were complaining about the violation of an obligation to devote resources in the future, they were complaining about a future injury. If that were the legal obligation, then it would have been violated over time and the plaintiffs were arguably entitled to an order "stopping" the violations that had not yet occurred. But the Papasan opinion emphatically rejected this idea. *See* id. at 281.

The Papasan opinion is a serious obstacle to Weaver's Cove's attempt to have this court reach back in time and make a declaration about past events; this is so even though the order would only be implemented with respect to Weaver's Cove's alleged ongoing injury.

## II. THE REQUIREMENTS OF STANDING BARS THIS ELEMENT OF RELIEF

Weaver's Cove's attempt to obtain a declaration mirrors its recent efforts in the D.C. Circuit, under an analogous statute, which efforts were repudiated on May 2nd of this year:

> The state agencies' inaction, however, cannot support WCE's standing . . .. On the contrary, WCE's theory of the case is that it benefited from the agencies' inaction; that is, the agencies, by failing to issue timely rulings on WCE's applications, waived their rights to deny the certifications WCE seeks.

Weaver's Cove Energy v. Rhode Island, 2008 WL 1932773, 2-3 (D.C. Cir. May 2, 2008) (refusing relief with respect to DEM delay during CWA certification review time period).

## CONCLUSION

The following remedy sought by Weaver's Cove is *not* available: that this Court declare that Rhode Island's concurrence with this project is conclusively presumed.

Respectfully submitted,

State of Rhode Island,
By its Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Michael Rubin
Michael Rubin, Esq., (Bar #3656)
Assistant Attorney General
150 South Main Street
Providence, R.I. 02903
Tel: (401) 274-4400 Ext. 2116

/s/ Brian A. Goldman
Brian A. Goldman, Esq., (Bar #3940)
Counsel for CRMC
681 Smith Street
Providence, R.I. 02908
Tel: (401) 521-4100

**CERTIFICATION**

I, the undersigned, hereby certify that a true copy of the within document was served by electronic means (ECF) on this 16th day of May, 2008 to the attorney(s) of record listed below:

Gregory L. Benik, Esquire
gbenik@jreri.com

Bruce F. Kiely, Esquire
Bruce.kiely@bakerbotts.com

John B. Garry, Esquire
johnbgarry@aol.com

/s/ Michael Rubin