IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WEAVER'S COVE ENERGY, LLC, *Plaintiff*, vs. RHODE ISLAND COASTAL RESOURCES MANAGEMENT COUNCIL, *et al.*, *Defendants*. | Case No. 07-246-S |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' *INSTANTER* MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM**

This action was filed nearly one year ago, on June 29, 2007. On May 16, 2008, months after the parties completed briefing cross-motions for summary judgment and weeks after the parties argued the cross-motions, Defendants filed a motion for leave to file a supplemental memorandum in support of their motion for summary judgment ("Motion") [Doc. 46]. Defendants offer a new challenge to Count I of Weaver's Cove's Amended Complaint [Doc. 4],[1] asserting the jurisdictional doctrine of sovereign immunity solely on grounds that could have been raised months ago, and citing a recent D.C. Circuit's analysis of the "standing" doctrine that is factually inapplicable to this case. In this Opposition, Weaver's Cove does not raise the full panoply of legal and factual deficiencies of Defendants' Supplemental Memorandum. Instead, it challenges the merits of Defendants' eleventh-hour motion for leave to file the Supplemental

[1] Defendants do not raise new arguments with respect to Counts III, IV, and V of the Amended Complaint (Category B Assent); indeed, they make no express reference to Count II of the Amended Complaint (CZMA — Injunction). *See* Supp. Memo. at 1-5.

Memorandum, for which Defendants offer no support, and it briefly notes the preeminent problems with the Supplemental Memorandum's analysis.[2]

## I. DEFENDANTS' MOTION LACKS ANY GROUNDS ON WHICH TO JUSTIFY THEIR BELATED ASSERTION OF SOVEREIGN IMMUNITY

**A.** In support of their Motion, Defendants file a one-and-a-half-page Memorandum in Support of *Instanter* Motion for Leave to File Supplemental Memorandum ("Memorandum") [Doc. 46]. But their Memorandum identifies no actual grounds sufficient to justify the Court granting Defendants' extraordinary motion to interject new issues into this case; instead, Defendants merely assert (without any evidentiary support) that, "on balance, the interests of justice are advanced by" belated briefing on the question of sovereign immunity.

Weaver's Cove respectfully suggests, however, that "the interests of justice" would not be advanced by the late introduction of new arguments into this case. Defendants concede that they could have raised this issue long ago, *see* Memo. at 2, yet they fail to offer *even a single reason* why they failed to raise the issue of sovereign immunity in their summary judgment papers. They fail to identify any intervening change in fact or controlling law justifying their piecemeal approach to briefing the cross-motions for summary judgment. *Cf. Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995) (identifying grounds justifying successive motions for summary judgment).

Defendants' decision to leave questions of sovereign immunity until the eleventh hour is merely the latest in a series of attempts to delay resolution of the question of the legality of their actions in the events giving rise to the Complaint, following a motion to stay the case [Doc. 19] and a motion to extend the briefing schedule [Doc. 21]. Given Defendants' utter failure to

[2] If the Court allows Defendants to file their Supplemental Memorandum, then Weaver's Cove respectfully requests the opportunity to respond in full to the substance of their new arguments.

identify any good cause in support of yet further delay to allow further briefing on the question of sovereign immunity, Weaver's Cove respectfully requests that the Court deny Defendants' motion for leave to file a brief on their new sovereign immunity issue.

**B.** Furthermore, while Weaver's Cove does not here examine in full the substantive merits of Defendants' new sovereign immunity argument, it does note that even a brief review of the Supplemental Memorandum reveals fatal flaws in Defendants' new argument.

Most obviously, Defendants' invocation of sovereign immunity is premised upon a fatal factual error: it misstates the elements of Weaver's Coves' complaint. Defendants' new challenge to Weaver's Cove's invocation of *Ex Parte Young*, which enables a plaintiff to sue a state official to enjoin an ongoing violation of federal law,[3] is premised upon Defendants' belief that Weaver's Cove "seek[s] retroactive relief" regarding events that have occurred in the "past." *See* Supp. Memo. at 2-3.

That characterization of Weaver's Cove's Complaint is plainly erroneous: the complaint challenges Defendants' *ongoing* unlawful activities: "CRMC continues to threaten to 'enforce' its CRMP against Weaver's Cove despite the expiration of the six-month period in which the CRMC was empowered to act. Such threatened 'enforcement' of the CRMP directly contradicts the plain terms of controlling federal law." Am. Compl. ¶¶ 64-7 [Doc. 8]; *see also id.* ¶¶ 97-101, 111-15. Thus, on its face, Weaver's Cove's Complaint seeks not "retroactive" relief, but cessation of "an ongoing violation of federal law . . . ." CRMC Supp. Memo. at 2 (quoting *Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261, 294 (1997)). *Ex Parte Young* justifies Weaver's Cove's complaint, and Defendants' argument to the contrary fails on its own terms.

[3] 209 U.S. 123, 158-59 (1908).

The Motion also should be denied because Defendants long ago *waived* sovereign immunity by their conduct in this case. The Supreme Court has established that, "where a State *voluntarily* becomes a party to a cause and submits its rights for judicial determination, it will be bound thereby and cannot escape the result of its own voluntary act by invoking the prohibitions of the Eleventh Amendment." *Lapides v. Bd. of Regents of Univ. of Ga.*, 535 U.S. 613, 619 (2002) (quoting *Gunter v. Atl. Coast Line R. Co.*, 200 U.S. 273, 284 (1906)). Defendants have done so in this case, by invoking this Court's jurisdiction and specifically requesting that the Court not merely deny Weaver's Cove's motion for summary judgment, or grant Defendants summary judgment on grounds of sovereign immunity, but affirmatively grant *Defendants* summary judgment *on the merits*. See Def's Mem. on Mot. for Summ. Judg. at 86 [Doc. 29].

Indeed, Defendants' waiver is all the more manifest in their decision last year to interject *new* issues into this case — namely, Category B Assent, raised in Defendants' original Answer [Doc. 4] — and to *consent* to Weaver's Cove amending its complaint to place the Category B Assent issue before the Court for resolution [Doc. 7], following a conference with the Court and Weaver's Cove on the subject. Defendants invoked the Court's jurisdiction at the outset of this case and submitted themselves to the Court's jurisdiction throughout this case. Their belated invocation of sovereign immunity, after summary judgment motions have been briefed and argued, strikes at the heart of the Supreme Court's "core concern that a state cannot selectively invoke its Eleventh Amendment immunity to gain litigation advantage." *N.H. v. Ramsey*, 366 F.3d 1, 17 (1st Cir. 2004).

## III. THE D.C. CIRCUIT'S RECENT DECISION IS INAPPLICABLE

Defendants' invocation of a recent D.C. Circuit decision is similarly baseless. Defendants quote — without any explanation — the D.C. Circuit's recent decision that a plaintiff

lacks standing to secure declaratory or injunctive relief with respect to a state's waiver of federal rights when the alleged waiver "benefited" the plaintiff. CRMC Supp. Memo. at 5 (quoting *Weaver's Cove Energy, LLC v. RIDEM*, 2008 WL 1932772, at *2-*3 (D.C. Cir. May 2, 2008)). As the Court summarized, "the state agencies' inaction . . . cannot support [Weaver's Cove's] standing because [Weaver's Cove] does not claim to have been injured by it." *Id.* at *2.

In the present case, by contrast, Weaver's Cove specifically claims that it *has* been injured by Defendants' conduct: until this Court determines that the Defendants' ongoing conduct is contrary to the requirements of the CZMA, neither the Federal Energy Regulatory Commission nor the U.S. Army Corps of Engineers ("Corps") can move forward on granting full, unconditional federal authorizations to Weaver's Cove. Am. Compl. ¶¶ 72, 92. In the D.C. Circuit case, by contrast, Weaver's Cove noted that the federal agency (*i.e.*, the Corps) *could* move forward *regardless* of whether the state acted prior to expiration of the Clean Water Act's one-year deadline. *See Weaver's Cove*, 2008 WL at *3.

In short, the very facts central to the D.C. Circuit's decision are not present here. Hence, the premise of Defendants' new argument on standing is simply wrong.

* * *

Thus, Weaver's Cove respectfully requests that the Court deny Defendants' Motion. If the Court grants Defendants' Motion, then Weaver's Cove respectfully requests that the Court afford Weaver's Cove the opportunity to file a memorandum of law in opposition to Defendants' Supplemental Memorandum, in order to fully apprise the Court of the remaining deficiencies of Defendants' new arguments.

Respectfully submitted,

/s/ Gregory L. Benik

Gregory L. Benik (#1515)
Benik & Associates P.C.
931 Jefferson Blvd., Suite 2008
Warwick, R.I. 02886
(phone) 401-454-0054
(fax) 401-732-5054
gbenik@jreri.com
*Attorney for Weaver's Cove Energy, LLC*

Dated: May 21, 2008

Of Counsel:

Bruce F. Kiely
G. Mark Cook
Adam J. White
BAKER BOTTS L.L.P.
1299 Pennsylvania Avenue, NW
Washington, DC 20004-2400
(phone) 202-639-7700
(fax) 202-585-1035

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of May, 2008, the foregoing was filed electronically with the Clerk of Court and served upon the following by operation of the Court's electronic filing system:

Brian A. Goldman, goldlaw@cox.net
Michael Rubin, mrubin@riag.ri.gov
Paul J. Roberti, proberti@riag.ri.gov

.

/s/ Gregory L. Benik