IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WEAVER'S COVE ENERGY, LLC,

*Plaintiff*,

vs.

RHODE ISLAND COASTAL RESOURCES MANAGEMENT COUNCIL, *et al.*,

*Defendants*.

Case No. 07-246-S

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' SUPPLEMENTAL MEMORANDUM**

On May 23, 2008, Defendants filed a "Supplemental Memorandum" ("CRMC Supp. Mem.") [Doc. 46], wherein they raised two new jurisdictional issues.[1] *First*, Defendants now assert that the Eleventh Amendment to the U.S. Constitution bars this Court from hearing Plaintiff Weaver's Cove Energy, LLC's ("Weaver's Cove's") claims arising under the Coastal Zone Management Act, 16 U.S.C. § 1451 *et seq.*, as set forth in Count I of the Amended Complaint [Doc. 8].[2] *Second*, Defendants quote a recent decision of the U.S. Court of Appeals

[1] Defendants lodged the Supplemental Memorandum under the cover of a motion for leave to file the Supplemental Memorandum, filed on May 15, 2008 [Doc. 46]. On May 21, 2008, Weaver's Cove filed its opposition to the motion for leave to file the Supplemental Memorandum ("WCE Opp'n. to Mot.") [Doc. 47]. On May 23, 2008, the Court granted Defendants' motion.

[2] As Weaver's Cove noted in its previous filing, the Supplemental Memorandum raises no jurisdictional arguments related to Counts III, IV, and V of the Amended Complaint, which pertain to Rhode Island's "Category B Assent" regulations. WCE Opp'n. to Mot. at 1 n.1. Indeed, Defendants do not even refer to Count II, which requests injunctive relief with respect to the CZMA. *Id.* Nevertheless, Weaver's Cove's response, as set forth in this memorandum, applies equally to Counts I and II.

for the D.C. Circuit and, without any further explanation, assert that it pertains to the issues raised by Weaver's Cove in the present case. Neither of those new arguments is supported by law or by the facts of this case.

## I. THE ELEVENTH AMENDMENT DOES NOT BAR THIS CASE

Defendants argue that sovereign immunity prevents legal review of their conduct at issue in Weaver's Cove's CZMA claims. Defendants rest this argument on the premise that Weaver's Cove seeks "retrospective" relief, rather than the prospective relief that *Ex Parte Young*[3] permits parties to seek against government entities otherwise shielded by sovereign immunity. *See* CRMC Supp. Mem. at 2-5. Defendants' argument fails, however, by ignoring the Supreme Court's bright-line test on this subject and miscomprehending the very cases they cite in support of their argument. Furthermore, even if *Ex Parte Young* did not apply to Weaver's Cove's CZMA claims, the Eleventh Amendment still would not bar this case, because Defendants and Rhode Island repeatedly have waived their right to invoke sovereign immunity against judicial review of Rhode Island's proceedings regarding Weaver's Cove's consistency certification.

### A. Under The Supreme Court's Bright-Line Test In *Verizon*, This Is A Proper *Ex Parte Young* Case

In *Ex Parte Young*, "the Supreme Court carved out an exception to Eleventh Amendment state immunity that allows federal courts to enjoin state officials to conform their future conduct to the requirements of federal law." *Whalen v. Mass. Trial Court*, 397 F.3d 19, 28 (1st Cir. 2005). In *Verizon*, the Supreme Court articulated a simple, bright-line test for determining whether *Ex Parte Young* applies:

> a court need only conduct a straightforward inquiry into whether the complaint *alleges an ongoing violation of federal law* and *seeks relief* properly characterized as *prospective*.

[3] *Ex Parte Young*, 209 U.S. 123, 158-59 (1908).

*Verizon Md. Inc. v. Pub Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (rejecting claim by the Commission that the Eleventh Amendment barred Verizon's claim against it) (citations, quotation marks, brackets omitted) (emphasis added).

There can be no dispute that Weaver's Cove meets both of those requirements: Paragraphs 64-72 of the Amended Complaint allege ongoing violations of federal law, while Paragraphs 80-106 request prospective relief in the form of a declaratory judgment and injunction preventing Defendants from acting contrary to federal law going forward. In fact, Weaver's Cove's Amendment Complaint mirrors the complaint approved by the Supreme Court in *Verizon*:

> Here Verizon sought injunctive and declaratory relief, alleging that the Commission's order . . . was pre-empted by [federal law]. The prayer for injunctive relief — that state officials be restrained from enforcing an order in contravention of controlling federal law — clearly satisfies our "straightforward inquiry."

*Verizon*, 535 U.S. at 645.

Notwithstanding this, Defendants contend that because Weaver's Cove seeks to enforce a state CZMA waiver resulting from "wholly past events," Weaver's Cove's claims are improperly "retrospective." CRMC Supp. Mem. at 2-5. Weaver's Cove, however, does not seek a "declaration about past events," as Defendants allege, *see* CRMC Supp. Mem. at 5, but just the opposite: Weaver's Cove requests (1) declaratory relief stating that Defendants' failure to act on a CZMA application within the CZMA's six-month gives rise, *going forward*, to the "conclusive[] presum[ption]" that the CRMC concurs with Weaver's Cove's consistency certification, *see* 16 U.S.C. § 1456(c)(3)(A); and (2) injunctive relief prohibiting Defendants from taking any action contrary to the federal law's conclusive presumption on that point. *See* Am. Compl. ¶¶ 64-72, 80-106. In short, this case pertains not merely to the date on which Defendants' inaction gave rise to the CZMA's conclusive presumption, but *also* to Defendants'

continuing course of conduct inconsistent with the federal CZMA's conclusive presumption of Rhode Island's consistency-certification concurrence.

Defendants' invocation of the prospective-retrospective distinction is premised upon a misreading of the case law. The Court need look no further than the Supreme Court's recent ruling in *Verizon* decision on this point. *Verizon* makes clear that a complaint for injunctive and declaratory relief is not barred simply because it examines state conduct that occurred in the past (there, an old state agency order; here, the state's failure to act within six months). *See Verizon*, 535 U.S. at 645. So long as the injunctive and declaratory relief only impose a liability on the state *going forward*, such a suit is not improperly retrospective. *Id.* The Court explained that distinction with clarity and simplicity:

> As for Verizon's prayer for declaratory relief: That, to be sure, seeks a declaration of the *past*, as well as the *future*, ineffectiveness of the [state's] action, so that the past financial liability of private parties may be affected. But no past liability of the State, or of any of its commissioners, is at issue. It does not impose upon the State "a monetary loss resulting from a past breach of a legal duty on the part of the defendant state officials." Insofar as the exposure of the State is concerned, the prayer for declaratory relief adds nothing to the prayer for injunction.

*Verizon*, 535 U.S. at 646 (citation and some emphasis omitted). Weaver's Cove's Amended Complaint seeks nothing more than what was approved in *Verizon*: It requests injunctive and declaratory relief *going forward* and does not ask the Court to impose any sort of financial or pecuniary penalty for Defendants' conduct between the date on which the Defendants' inaction gave rise to the CZMA's "conclusive[] presum[ption]" and the date on which the suit was filed.

Defendants cite a number of cases in support of their theory of the prospective-retrospective distinction, but none of Defendants' cases suggest that Weaver's Cove's complaint falls on the wrong side of the prospective-retrospective divide. In *Breard v. Greene*, plaintiffs' suit was improper not because it pertained to past events, but because the conduct challenged by plaintiffs "occurred long ago *and has no continuing effect*." 523 U.S. 371, 378 (1998) (emphasis

added). In the present case, by contrast, Defendants' challenged conduct *does* have continuing effect; thus, *Breard* is inapposite and no bar to suit.

The same holds true with respect to *Republic of Paraguay v. Allen*, 134 F.3d 622, 628-29 (4th Cir. 1998) (holding that a court order voiding a past conviction and sentence would be "quintessentially retrospective," because "its effect would be to undo accomplished state action and *not to provide prospective relief against the continuation of the past violation*" (emphasis added)). Again, the present complaint pertains to both past events and their continuing effects.

Defendant's reliance on *United Mexican States v. Woods*, 126 F.3d 1220 (9th Cir. 1997), is similarly misplaced. The court there rejected plaintiffs' *Ex Parte Young* argument because, unlike here, they "allege[d] *no continuing violations of federal or international law*." *Id*. at 1223 (emphasis added). Weaver's Cove, by contrast, *has* alleged continuing violations of the CZMA by Defendants.

Nor does the Supreme Court's decision in *Papasan v. Allain*, 478 U.S. 265 (1986), affect this case. *Papasan* merely held that nominally "prospective" nonmonetary relief (*e.g.*, injunctions or declarations) may be, in substance, improper retrospective monetary relief when the injunction or declaration would have the effect of awarding *monetary* damages for *past* conduct. In *Papasan*, plaintiffs sought injunctive relief forcing the defendant to spend its own financial resources to repay trust assets lost by defendant in the past. The Court reasoned that such relief was improperly retrospective because "continuing payment of the income from the lost corpus is essentially equivalent in economic terms to a one-time restoration of the lost corpus itself . . . ." 478 U.S. at 281. Here, by contrast, there is no monetary relief at issue, neither in form nor in substance, neither prospective nor retrospective.

Finally, *Idaho v. Coeur d'Alene*, 521 U.S. 261 (1997), is inapposite: There the Court rejected an *Ex Parte Young* claim because of "unusual" and "special circumstances" not present

here: the injunctive and declaratory relief sought against the state resembled "the functional equivalent of quiet title, in that substantially all benefits of ownership and control would shift from the State to the [plaintiffs]." *Id.* at 282. The Court explained that such relief would eliminate *all* aspects of the state's regulation of the affected land, *id.* at 282-84, a degree of imposition "fully as intrusive and as almost any conceivable retroactive levy upon funds in [the state's] Treasury," *id.* at 287. Weaver's Cove's claims are nowhere near as far-reaching; they hardly constitute the equivalent of a "quiet title" action; it merely seeks to restrict the state's exercise of delegated federal CZMA authority to the limits set forth by the CZMA itself.

In sum, Weaver's Cove's CZMA claims clearly satisfy the requirements of *Ex Parte Young*. Weaver's Cove asks for no relief tantamount to an imposition of financial liability for past events; it merely requests that this Court declare unlawful and enjoin any *further* actions that are inconsistent with the binding requirements of federal law. Thus, *Ex Parte Young* applies and this case is not barred by sovereign immunity.

**B. Defendants Have Waived Sovereign Immunity**

Even without *Ex Parte Young*, the Eleventh Amendment is no bar to Counts I and II, because Defendants have repeatedly waived any claim to sovereign immunity, most notably by their conduct in this case. *See* WCE Opp'n. to Mot. at 4.

First and foremost, Defendants have voluntarily invoked and submitted to this Court's jurisdiction by their participation in this suit, including their independent motion that this Court *resolve on summary judgment the merits of the CZMA issues in Defendants' favor*. *See* Def.'s Mem. on Mot. for Summary Judgment at 86 [Doc. 29]. Defendants have gone so far as to inject a new issue into this case — the Category B Assent — and consented to Weaver's Cove amending its complaint to reflect this. Altogether, having invoked and consented to the jurisdiction of this Court, Defendants cannot now, after cross-motions for summary judgment

have been briefed and argued, reverse course and tell the Court (inaccurately, *see supra* Part I.A) that it lacks constitutional authority to adjudicate the merits of the CZMA issues. *See Lapides v. Bd. of Regents of Univ. of Ga.*, 535 U.S. 613, 619 (2002) ("where a State voluntarily becomes a party to a cause and submits its rights for judicial determination, it will be bound thereby and cannot escape the result of its own voluntary act by invoking the prohibitions of the Eleventh Amendment"); *N.H. v. Ramsey*, 366 F.3d 1, 17 (1st Cir. 2004) ("a state cannot selectively invoke its Eleventh Amendment immunity to gain litigation advantage").

Rhode Island further waived its sovereign immunity by regulating Weaver's Cove under the CZMA. As the Supreme Court explained in *College Savings Bank v. Florida Prepaid Postsecondary Education Expense Board*, a state waives sovereign immunity when it accepts and utilizes Congress's "gratuitous" grant of authority to regulate a subject matter that, absent Congress's grant, the state would not otherwise enjoy. 527 U.S. 666, 686 (1999) (citing *Petty v. Tenn.-Mo. Bridge Comm'n*, 359 U.S. 275 (1959)). Rhode Island's exercise of CZMA authority falls within that category: absent its CZMA authority, Rhode Island could not purport to exercise a veto of dredging proposed in furtherance of LNG terminal construction or operations, for the same reasons set forth by Weaver's Cove's Amended Complaint with respect to Category B Assent regulations. *See* Am. Compl. at ¶¶ 102-15.[4] Put simply, once states such as Rhode Island accept and utilize this delegated federal power by setting up a CZMA program, they

[4] The states' lack of authority to use coastal zone regulations to veto a proposed LNG terminal was reiterated recently by the Fourth Circuit, which held that a state failing to meet the procedural requirements of the CZMA could not cloak exercises of state authority with the power of the federal CZMA, because such state regulations are preempted by Section 3 of the Natural Gas Act. *AES Sparrows Point LNG, LLC v. Smith*, 2008 WL 2082148, at *3-*4 (4th Cir. May 19, 2008).

cannot subsequently declare their administration of that delegated federal power to be categorically immune to review by the federal courts.[5]

In sum, the Eleventh Amendment simply does not bar this case. Even if *Ex Parte Young* does not apply, the state long ago voluntarily discarded its immunity to judicial review of the merits of its action and inaction under the CZMA, (1) by affirmatively asking the Court to decide the merits of the case, including issues it raised, and (2) by accepting and exercising regulatory authority granted to it by Congress over the subject matter of this litigation.

## II. THE D.C. CIRCUIT'S REASONING IS INAPPLICABLE TO THIS CASE

Defendants assert, without any explanation, that a recent decision of the D.C. Circuit, under an unidentified but purportedly "analogous statute," is material to the present case. *See* CRMC Supp. Mem. at 5 (quoting *Weaver's Cove Energy v. Rhode Island Dep't of Envtl. Mgmt.*, 2008 WL 1932773 (D.C. Cir. May 2, 2008)). The Court should give no consideration to an issue where the proponent itself fails to articulate its applicability. *Cf. Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 36 (1st Cir. 1994) ("issues averted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived for purposes of appeal").

In any event, as Weaver's Cove has explained, the very words quoted by Defendants simply do not reflect the present case. *See* WCE Opp'n. to Mot. at 4-5. The D.C. Circuit held that Weaver's Cove lacked standing to challenge the inaction of state agencies under the Clean Water Act because Weaver's Cove did "not claim to be injured by" the states' inaction. *Weaver's Cove Energy*, 2008 WL 1932773 at *2. Here, by contrast, Weaver's Cove *expressly alleges injury caused by Defendants*. *See, e.g.,* Am. Compl. at ¶¶ 72, 92, 98-99. Thus, the D.C. Circuit's reasoning is inapplicable by its own terms.

---

[5] *Cf. Islander East Pipeline Co., LLC v. Conn. Dep't of Envtl. Prot.*, 482 F.3d 79, 91 (2d Cir. 2006) (recognizing that states waived sovereign immunity by regulating LNG terminal operations under the Clean Water Act, because they would have had no such regulatory authority absent Congress's grant of power in the Clean Water Act).

* * *

For the reasons set forth above and in the papers previously filed in support of Weaver's Cove's motion for summary judgment and in opposition to Defendants' motion for summary judgment, Weaver's Cove respectfully requests that this Court enter summary judgment in its favor on all counts of the Amended Complaint.

Respectfully submitted,

/s/ Gregory L. Benik
Gregory L. Benik (#1515)
Benik & Associates P.C.
931 Jefferson Blvd., Suite 2008
Warwick, R.I. 02886
(phone) 401-454-0054
(fax) 401-732-5054
gbenik@jreri.com
*Attorney for Weaver's Cove Energy, LLC*

Dated: June 4, 2008

Of Counsel:

Bruce F. Kiely
Adam J. White
Benjamin B. Fitzpatrick
BAKER BOTTS L.L.P.
1299 Pennsylvania Avenue, NW
Washington, DC 20004-2400
(phone) 202-639-7700
(fax) 202-585-1035

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of June, 2008, the foregoing was filed electronically with the Clerk of Court and served upon the following by operation of the Court's electronic filing system:

Brian A. Goldman, goldlaw@cox.net
Michael Rubin, mrubin@riag.ri.gov
Paul J. Roberti, proberti@riag.ri.gov

/s/ Gregory L. Benik